IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CHRISTOPHER J. STEVENS,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>DOUGLAS MOORE et al.,<br><br>　　　　　　　　Defendants. | **MEMORANDUM DECISION & ORDER REQUIRING *MARTINEZ* REPORT AND DISPOSITIVE MOTION**<br><br><br>Case No. 2:10-CV-1227-RJS<br><br>District Judge Robert J. Shelby |

　　　　Plaintiff, Christopher J. Stevens, an inmate at Ely State Prison, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2015), which has been removed to this Court, (*see* Docket Entry # 1).  The Court now orders Defendants to file a *Martinez* report[1] and dispositive motion as follows:

(A) If Defendants wish to assert the affirmative defense of Plaintiff's failure to exhaust administrative remedies in a grievance process, Defendants must,

　　(i)　　within 90 days, prepare and file a *Martinez* report limited to the exhaustion issue; and,

---

[1] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (approving district court's practice of ordering prison administration to prepare report to be included in pleadings in cases when prisoner has filed suit alleging constitutional violation against institution officials).  In *Gee v. Estes*, 829 F.2d 1005 (10th Cir. 1987), the Tenth Circuit explained the nature and function of a *Martinez* report, saying:
> Under the *Martinez* procedure, the district judge or a United States magistrate [judge] to whom the matter has been referred will direct prison officials to respond in writing to the various allegations, supporting their response by affidavits and copies of internal disciplinary rules and reports.  The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims.  This, of course, will allow the court to dig beneath the conclusional allegations.  These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial.

*Id.* at 1007.

    (ii) within 120 days, file a separate summary judgment motion, with a supporting memorandum.

 (B) If Defendants choose not to rely on the defense of failure to exhaust and wish to pierce the allegations of the Complaint, Defendants must,

  (i) within 90 days, prepare and file a *Martinez* report addressing the substance of the Complaint; and,

  (ii) within 120 days, file a separate summary judgment motion, with a supporting memorandum.

 (C) If Defendants wish to seek relief otherwise contemplated under the procedural rules (e.g., requesting an evidentiary hearing), Defendants must file an appropriate motion within 90 days of filing their Answer.

 The parties shall take note that new local rules governing civil cases are now in effect. The Approved Amendments to the Local Rules and Updated Rules are posted on the Court's website. All new requirements are important but the most significant changes are in motion practice and sealed filings. This Court will order the parties to refile summary-judgment motions which do not follow the new standards. *See* D. Utah Civ. R. 5-2 (Filing Cases and Documents under Court Seal); *id.* 7-1 (Motions and Memoranda); *id.* 26-2 (Standard Protective Order and Stays of Depositions); *id.* 56-1 (Summary Judgment: Motions and Supporting Memoranda).

 Plaintiff is notified that he may, within 30 days of its filing, respond to a *Martinez* report if desired. Plaintiff is further notified that he must, within 30 days of its filing, respond to the summary-judgment motion. Plaintiff is finally notified that, when Defendants move for summary judgment, Plaintiff cannot rest upon the mere allegations in the Complaint. Instead, as required by Federal Rule of Civil Procedure 56(e), to survive a motion for summary judgment,

Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Defendants must within 90 days file a *Martinez* report.

(2) When served with a *Martinez* report, Plaintiff may submit a response within 30 days of the report's filing date.

(3) Defendants must within 120 days file a summary-judgment motion.

(4) When served with a summary-judgment motion, Plaintiff must submit a response within 30 days of the motion's filing date.

(5) If requesting relief otherwise contemplated under the procedural rules, Defendants must do so within 90 days.

DATED this 8th day of October, 2015.

BY THE COURT:

JUDGE ROBERT J. SHELBY
United States District Court